912 F.2d 465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY, Plaintiff-Appellee,
v.
ALLSTATE INSURANCE CO., Defendant-Appellant.
 No. 89-6127.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1990.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and ENSLEN, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant, Allstate Insurance Company ("Allstate") appeals from the April 20, 1989 judgment of the district court in favor of American National Property and Casualty Company ("ANPAC") for the sum of $18,378.65.
 
 
 2
 Joan Lowery ("Lowery") owned a home located at 3410 Berkley Circle, Chattanooga, Tennessee. Initially, Allstate insured the Lowery home. The policy named Interfederal Savings and Loan Association ("Interfed") as the mortgagee. On July 20, 1987, Lowery obtained a second insurance policy from ANPAC which also named Interfed as the mortgagee. On July 24, 1987, Lowery cancelled her Allstate insurance policy. Allstate notified Interfed that Lowery's policy had been terminated and, as a result, Allstate's coverage of Interfed's interest would be extended to August 13, 1987. Interfed relied on Allstate's coverage extension and sought to obtain replacement coverage to commence on August 13, 1987. On August 1, 1987, Lowery's home was partially damaged by fire. This case presents the sole issue of whether the insured homeowner's cancellation of her Allstate insurance policy operated as a unilateral cancellation of the separate insurance contract between Interfed and Allstate.
 
 
 3
 In its findings of fact and conclusions of law, the magistrate determined that Lowery's cancellation of her Allstate insurance policy did not cancel Allstate's coverage of Interfed's interest prior to August 13, 1987. Therefore, Allstate was liable for contribution.
 
 
 4
 Having carefully considered the record and the arguments presented in the briefs and orally, we find no error warranting reversal. The district court's reliance on Allstate Insurance Co. v. First of Georgia Insurance Co., 753 S.W.2d 672, 673 (Tenn.1988) (holding that absent a policy provision to the contrary or indicia of the existing carrier's knowledge of the insured's intent to cancel, coverage is not unilaterally cancelled merely by an insured's acquisition of a second policy), and Tenn.Code Ann. Sec. 56-7-804 was proper.
 
 
 5
 Accordingly, for the reasons set forth in his April 20, 1989 Findings of Fact and Conclusions of Law, we AFFIRM the judgment of the Honorable John Y. Powers, United States Magistrate for the Eastern District of Tennessee.
 
 
 
 *
 The Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan, sitting by designation